B 1 (Official Form 1) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**VOLUNTARY PETITION**

| Name of Debtor (if individual, enter Last, First, Middle):<br>**REO Movers & Van Lines, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**REO Movers; REO Movers & Storage; REO Moving & Van Lines** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **36-4200291** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**7000 South Chicago Avenue**<br>**Chicago, Illinois**<br>ZIP CODE **60637** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**COOK** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other **See Attachment 1**

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [x] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

B1 (Official Form 1) (04/13)

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): REO Movers & Van Lines, Inc. |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: **N. D. Illinois** | Case Number: **06-5835** | Date Filed: **May 20, 2006** |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)    (Date)

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☐ No.

### Exhibit D
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)

Voluntary Petition
(This page must be completed and filed in every case.)

Case 13-48652    Doc 1    Filed 12/20/13    Entered 12/20/13 19:06:07    Desc Main
Document      Page 3 of 14

Name of Debtor(s): REO Movers & Van Lines, Inc.

Page 3

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X **/s/Karen J. Porter**
Signature of Attorney for Debtor(s)
**Karen J. Porter**
Printed Name of Attorney for Debtor(s)
**Porter Law Network**
Firm Name
**Suite 240, 230 West Monroe Street**
**Chicago, Illinois 60606**
Address
**(312) 372-4400**
Telephone Number
**December 19, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Robert Hughes, Jr.**
Signature of Authorized Individual
**Robert Hughes, Jr.**
Printed Name of Authorized Individual
**President and Sole Shareholder**
Title of Authorized Individual
**December 19, 2013**
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# Attachment

**Attachment 1**
    Moving and Storage Business

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re :                                    ) Chapter 11
                                           )
REO MOVERS & VAN LINES, INC.               ) Case No.
                                           )
Debtor.                                    ) Judge

## LIST OF CREDITORS

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101 – 7346

City of Chicago
Corporation Counsel
Suite 600
121 North La Salle Street
Chicago, IL 60602

State of Illinois
Department of Revenue
P. O. Box 64338
Chicago, IL 60664 – 0338

I.C. System, Inc.
 for TMobile USA, Inc.
P. O. Box 64437
St. Paul, MN 55164 – 0437

Michael Percy
1926 West Harrison Street
Chicago, IL 60612

JSD Management Inc.
 for Donnelley Publishing & Advertising
1283 College Park Drive
Dover, DE 19904

National Van Lines, Inc.
2800 West Roosevelt Road
Broadview, IL 60155 – 3756

State of Illinois
Department of Employment Security
401 South State Street
Chicago, IL 60603

Gardiner, Koch, Weisberg & Wrona
Suite 950
53 West Jackson Boulevard
Chicago, IL 60604

Receivables Management Service Corp.
    For Travelers National Pool
77 Heartland Street    Suite 401
East Hartford, CT 06108 – 0431

J & C National Security, Inc.
2nd Floor
900 Ridge Road
Homewood, IL 60430

Donnelley Publishing & Advertising
111 South Wacker Drive
Chicago, IL 60606

Biehl & Biehl, Inc.
    For Henley Services
325 East Fullerton Avenue
Carol Stream, IL 60188

KRW Attorneys & Associates
Suite 602
770 North La Salle Street
Chicago, IL 60654

N:\2cases\1chapter11\2034 reo\creditorlist.doc

Christofer E. Lord
Suite 3300
Ten South La Salle Street
Chicago, IL 60603

Karen J. Porter
Attorney No 6188626
**PORTER LAW NETWORK**
230 West Monroe
Suite 240
Chicago, Illinois 60606
312-372-4400
312-372-4160

N:\2cases\1chapter11\2034 reo\creditorlist.doc

UNITED STATES BANKRUPTCY COURT
Northern District of Illinois
Eastern Division

In re:

REO Movers & Van Lines, Inc.,

Case No. BKY

Debtor(s)

Chapter 11 Case

## STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, Robert Hughes, Jr., declare under penalty of perjury that I am the President and Sole Shareholder of REO Movers & Van Lines, Inc., a Illinois corporation and that on December 19, 2013 the following resolution was duly adopted by the President and Sole Shareholder of this corporation:

"Whereas, it is in the best interest of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that Robert Hughes, Jr., President and Sole Shareholder of this corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that Robert Hughes, Jr., President and Sole Shareholder of this corporation, is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case; and

Be It Further Resolved, that Robert Hughes, Jr., President and Sole Shareholder of this corporation, is authorized and directed to employ Karen J. Porter, attorney and the law firm of Porter Law Network to represent the corporation in such bankruptcy case."

| Executed on: December 19, 2013 | Signed: Robert Hughes, Jr. X /s/ Robert Hughes |
|---|---|
|  | Robert Hughes, Jr. 7000 South Chicago Avenue, Chicago, IL  60637 (*Name and Address of Subscriber*) |

B 203
(12/94)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re

    REO Movers & Van Lines, Inc.

                                                              Case No. _____

**Debtor**                                                                Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ................................ $ **10,500.00**

   Prior to the filing of this statement I have received ............................ $ **3,000.00**

   Balance Due ....................................................... $ **7,500.00**

2. The source of the compensation paid to me was:

   ☐ Debtor          ☒ Other (specify) **RH Management, Inc.**

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☒ Other (specify) **RH Management, Inc and the Debtor**

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e. [Other provisions as needed]

**The filing fee of $1213.00 has been paid. The final compensation will be the amount awarded the court after the approval of applications for compensation**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

| December 19, 2013 | /s/Karen J. Porter |
|---|---|
| *Date* | **Karen J. Porter** |
| | *Signature of Attorney* |
| | **Porter Law Network** |
| | *Name of law firm* |

**PORTER LAW NETWORK**
**230 West Monroe, Suite 240**
**Chicago, IL 60606**
**312-372-4400**

**AGREEMENT TO PROVIDE LEGAL SERVICES**

December 19, 2013

Mr. Robert Hughes
REO Movers & Van Lines, Inc.
7000 South Chicago Avenue
Chicago, Il 60637

Re:  Chapter 11 Case: REO Movers & Van Lines, Inc.

  On behalf of the Porter Law Network I want to thank you for selecting us to represent REO Movers & Van Lines, Inc. ("REO" or "you").  Lawyers are required, under the Rules of Professional Conduct, when beginning the representation of a client to communicate to the client the basis for their fees and the rates they will charge.

  We determine the legal fees that we will charge a client by considering many factors. Some of the factors that we consider include:  (1) the difficulty of the questions and legal issues presented: (2) the time spent to analyze the facts and documents: (3) the legal research that is required;  (4) the time limitations that are imposed by the particular case or circumstances and (5) degree of responsibility involved to manage the particular case.

  Some of the activities that we will charge a client for include:  (1) the time spent to attend court proceedings and meetings: (2) the time spent to meet with the client: (3) the time spent to prepare motions and other pleadings; (4) the time spent to prepare letters and other correspondence; and (5) the time spent on telephone calls with the client and other parties involved in the particular case.

  This agreement will determine the terms and conditions of our representing REO in a chapter 11 bankruptcy case to be filed in the United States Bankruptcy Court for the Northern District of Illinois.  REO has elected to file a chapter 11 case due to its financial difficulties with taxing authorities and numerous lawsuits.  REO has determined that it is advisable to file a chapter 11 case to stop the collection actions of the taxing authorities and the pending litigation. REO will have the opportunity to restructure its financial affairs through the chapter 11 case.

  Our representation will include the legal services necessary to represent REO as a chapter 11 debtor including but not limited to: preparing and filing the documents to commence a chapter 11 case; drafting pleadings; attending the court proceedings, meetings of creditors and other meetings necessary to administer the cases.   We will perform all the legal services necessary to assist REO with complying with the requirements of the United States Trustee,

1

preparing the bankruptcy schedules and assisting REO with its postpetition business operations. REO will be required to propose a plan of reorganization. We will assist REO in formulating a restructuring plan of reorganization and obtaining confirming a plan of reorganization. We will also perform any other legal services that are necessary to administer the chapter 11 case.

The Porter Law Network will charge you the following hourly rates for the legal services that it provides: $400.00 per hour for the services of Karen J. Porter; $300.00 for the services of Glenda Gray; $250.00 per hour for associated attorneys and $125.00 per hour for legal assistants.

REO agrees to pay an initial legal fee of $3,000.00 which includes the filing fee of $1213.00 to the Porter Law Network in order to have the chapter 11 case filed. REO agrees to pay an additional $7500.00 in postpetition retainer funds after the court has authorized the payment of the retainer funds. We have explained to you that the legal fees paid as retainer funds are not a limitation on the total amount of legal fees that REO may incur for the chapter 11 case. REO will be required to pay the total amount of the legal fees and expenses for the chapter 11 case in accordance with this Agreement to Provide Legal Services.

We consider any retainer funds paid to be advance retainers under Illinois law. The retainers are considered earned upon receipt and may be placed into our operating accounts. REO has the right to request that the retainers be treated as security retainers that are held in our client trust accounts. If REO requests that the retainers be treated as security retainers, we reserve the review the amount of the retainer funds we will require.

REO agrees to pay for all legal fees and expenses incurred to represent REO in connection with this chapter 11 case. We also reserve the right to charge for expenses and you agree to pay for all court costs and any other expenses that are required for your case. Such expenses will include, but are not limited to : (1) court filing fees (2) the actual cost of photocopies, (3) messenger deliveries: (4) actual cost of postage for notices to your creditors, and (5) actual cost of court reporters and transcripts. In addition, we conduct computerized case docketing and legal research from our offices and we will bill those fees to you as an expense.

We have explained to you that the financial restructuring of REO using chapter 11 of the Bankruptcy Code will be a difficult legal proceeding. REO will be required to obtain and maintain appropriate insurance for its property and employees. REO will be required to operate its business after the case is filed without running deficits. REO will also be required to pay all payroll taxes when they are due. REO will be required to demonstrate that it can operate at a profit and develop a plan to repay its creditors over time.

We will make every effort to guide REO through the chapter 11 case. However, we are unable to guarantee you that REO will be able to obtain debtor in possession financing to fund its operations, restructure its affairs to operate profitably, develop a viable reorganization plan to repay its creditors or confirm a reorganization plan. For these reasons, we cannot guarantee that the Chapter 11 reorganization for REO will be a successful one. We must also advise you that in the event REO cannot fund its postpetition operations, or develop a viable reorganization

2

plan to repay its creditors, REO will be faced with a dismissal of the chapter 11 case or the conversion to a chapter 7 liquidation.

We will keep you informed of the progress of the Chapter 11 case. If you receive any pleadings, documents, correspondence or telephone calls from any creditor, court or other party with respect to your case, you should immediately inform us and forward copies to us at the above address.

You agree to fully cooperate with us with respect to the Chapter 11 case. You agree to provide us with complete and accurate information concerning the financial affairs of REO. You agree to provide us with a complete and accurate list of all creditors, personal property, income and all the other information required by the United States Bankruptcy Court and any trustee responsible for the REO case.

While REO is operating in a chapter 11 proceeding, there will be many obligations to the office of the United States Trustee and creditors which must be fulfilled. You will have the responsibility to file monthly financial operating reports disclosing your postpetition business operations, pay quarterly fees to the trustee pay postpetition state and local taxes, including payroll taxes and maintain adequate insurance coverage, In addition you may be required to make current payments to secured creditors whose property you intend to use during the chapter 11 proceeding or who have a right to adequate protection payments. You will also be required to remain current on the payments of all utilities for services rendered after the case is filed.

You understand that we will not be able to provide adequate legal representation if you fail to provide us with complete and accurate information fail to fully cooperate with us or fulfill your obligations. You further understand that your failure to provide information, to cooperate with us or to fulfill your duties during the chapter 11 case may increase the cost of the legal services we render, may result in the Chapter 11 case being dismissed by the court or converted to a Chapter 7 liquidation, or may result in our withdrawing as the attorneys for REO.

This agreement is limited to the Chapter 11 bankruptcy proceedings of REO. The execution of this agreement does not obligate us to represent any individual or entity other than REO in connection with any matter other than the Chapter 11 proceeding or to represent REO, in the event the Chapter 11 proceeding is converted to a Chapter 7 liquidation. We have advised you that we cannot represent the principals of REO or any individual that has guaranteed, or is liable for, the debts of REO. Mr. Robert Hughes, or any other individual, will not be protected by the automatic stay, and will be required to hire a separate attorney to provide representation against the actions of creditors.

We reserve the right to withdraw as the attorney of record for REO and to terminate this agreement if our legal fees and expenses are not paid as set forth in this agreement, if you fail to cooperate with us during the chapter 11 proceeding, if the case is converted to a chapter 7 or if you fail to comply with any other terms of this agreement.

    We reserve the right to withdraw as the attorney of record for REO and to terminate this agreement if our legal fees and expenses are not paid as set forth in this agreement, if you fail to cooperate with us during the chapter 11 proceeding, if the case is converted to a chapter 7 or if you fail to comply with any other terms of this agreement.

    This agreement may be terminated by any party upon the giving of written notice of termination. The termination of this agreement will not affect your obligation to pay for the legal services we have rendered. We further agree in the event this agreement is terminated to return to you all files in my possession provided you have paid all outstanding legal fees and expenses.

    This agreement contains our full and complete understanding with respect to the subject matter hereof. This agreement supersedes all prior representations and understandings whether written or oral. This agreement shall be governed by the laws of the State of Illinois in all respects. This agreement may be executed in counterparts. This agreement may be executed by facsimile.

    Please date and countersign this Agreement in the space below and return it to me. Then we will have a written memorandum of our mutual understanding. Please retain a copy of this agreement for your file.

Acknowledged and Agreed:

PORTER LAW NETWORK

By: _____
    Karen J. Porter

REO MOVERS & VAN LINES, INC.

By: _____
    Mr. Robert Hughes

Title: President and Chief Executive Officer

4